IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARMELLA NICKS                                                                                     PLAINTIFF

VS.                                                                                       NO. 1:05CV110–D-D

APPLICA CONSUMER PRODUCTS, INC.                                                      DEFENDANT

ORDER DENYING MOTION TO DISMISS

Presently before the Court is Defendant's motion to dismiss for improper service and expiration of the statute of limitations. Upon due consideration, the Court finds the motion should be denied.

The Plaintiff originally filed this negligence and products liability action in the Circuit Court of Oktibbeha County, Mississippi on November 19, 2004. The Defendant received service of process on Monday, March 21, 2005. The Defendant then removed the action to this Court asserting diversity jurisdiction. The Plaintiff alleges she was injured when a hair dryer, allegedly manufactured by Defendant, malfunctioned and blew fire causing burns and other injuries to her person.

The Defendant now moves to dismiss this action pursuant to Federal Rule 12(b)(1) for lack of timely service of process and expiration of the statute of limitations. The defendant alleges that it was not served with process until March 21, 2005, after the expiration of the 120-day time limit set by the Mississippi and Federal Rules of Civil Procedure. Defendant further states that because it was not served within 120 days, the statute of limitations began to run again and ultimately expired. The Court treats this motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).  In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true.  See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

Service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint.  Miss. R. Civ. P. 4(h); See Fed. R. Civ. P. 4(m).  If service is not completed within 120 days, the court shall dismiss the action without prejudice.  Id.  The last day of a period computed by the Rules of Civil Procedure shall be included unless it is a Saturday, Sunday, or legal holiday.  Miss R. Civ. P. 6(a); See Fed. R. Civ. P. 6(a).  If the last day falls on a Saturday, Sunday, or legal holiday, then the last day will be computed on the next day that is not a Saturday, Sunday, or legal holiday.  Id.

The complaint was filed November 19, 2005.  The Defendant was served on March 21, 2005, a Monday.  According to the twelve-month Roman calender, the 120-day period expired on March 19, 2005, a Saturday.  Since the 120th day landed on a Saturday, the next available day was Monday, March 21, 2005.  Therefore, the Court finds the Plaintiff properly served the Defendant, and thus maintained a claim upon which relief can be granted.  Thus, the Court denies the Defendant's meritless motion to dismiss.

THEREFORE, it is hereby ORDERED that the Defendant's motion to dismiss (docket entry 7) shall be denied.

SO ORDERED, this the 4th day of October 2005.

<u>/s/ Glen H. Davidson</u>
Chief Judge