IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARMELLA NICKS                                             PLAINTIFF

vs.                                                 No. 1:05CV110-D-D

APPLICA CONSUMER PRODUCTS, INC.                        DEFENDANT

<u>OPINION GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff filed this products liability action in the Circuit Court of Oktibbeha County, Mississippi, on November 19, 2004, alleging various causes of action arising out of injuries the Plaintiff suffered while using a hair dryer manufactured by the Defendant. The Plaintiff claims that, while she was drying her hair, fire came from the hair dryer and caused burns to the Plaintiff's hair and head. The action was removed to this court on April 21, 2005. The Defendant has now filed the presently pending motion for summary judgment, seeking judgment as a matter of law on the Plaintiff's claims.

The Defendant seeks summary judgment based on the fact that the Plaintiff has failed to respond to discovery requests, failed to designate any expert witnesses to provide testimony that the subject hair dryer was defective and proximately caused the Plaintiff's injuries, and failed to respond to this motion for summary judgment.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

In the case *sub judice*, the Plaintiff has failed to respond to the Defendant's motion for summary judgment. While the court cannot grant summary judgment merely because there is no opposition to the motion, the court may accept the Defendant's version of the facts as undisputed and grant the motion if the Defendant makes a prima facie showing of its entitlement to summary judgment. Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279

(5th Cir. 1985); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995); Eversley v. Mbank Dallas, 843 F.2d 172, 173 (5th Cir. 1988).

## C. Discussion

It is clear that products liability claims such as those presented in this case must be supported by expert testimony. See, e.g., Childs v. General Motors Corp., 73 F. Supp. 2d 669 (N.D. Miss. 1999); Crocker v. Sears, 346 So. 2d 921, 923-24 (Miss. 1977). Further, it is axiomatic that when a plaintiff bears the burden of proof on an issue which requires expert testimony and fails to present the necessary expert testimony, summary judgment is proper. See, e.g., Brooks v. Roberts, 882 So. 2d 229, 232-33 (Miss. 2004); Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037, 1043 (Miss. 2003).

Because the Plaintiff has admittedly failed to designate any experts to present such testimony in this case, not to mention wholly failing to respond to the Defendant's discovery requests or to the Defendant's pending motion for summary judgment, the court finds that summary judgment is appropriate - no genuine issue of material fact remains and the Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of October 2006.

/s/ Glen H. Davidson
Chief Judge